**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DAVID JOSEPH SHEEHAN,               :
                                    :  Civil Action No. 09-5314 (RBK)
              Petitioner,           :
                                    :
         v.                         :  **OPINION**
                                    :
MICHELLE R. RICCI, et al.,          :
                                    :
              Respondents.          :


**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>              Counsel for Respondents
David Joseph Sheehan                James F. Smith
Trenton State Prison                Atlantic Co. Prosecutors Ofc.
P.O. Box 861                        4997 Unami Boulevard
Trenton, NJ 08625                   P.O. Box 2002
                                    Mays Landing, NJ 08330


**KUGLER**, District Judge

     Petitioner David Joseph Sheehan, a prisoner currently
confined at Trenton State Prison in Trenton, New Jersey, has
submitted a petition for a writ of habeas corpus pursuant to 28
U.S.C. § 2254.  The respondents are Administrator Michelle R.
Ricci and the Attorney General for the State of New Jersey.

     For the reasons stated herein, the Petition must be
dismissed.

## I.   BACKGROUND

### A.   Factual Background

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[1]

> According to the evidence, the crimes occurred on July 31, 1986, in a United States Post Office in Pleasantville, New Jersey.  At approximately 4:15 p.m. defendant, gun in hand, jumped over a counter and, demanding money, threatened two employees, Rufus Wade and James Mazzone.  Defendant was overpowered by the employees, however, and shortly thereafter was taken into custody by the police.

(Opinion at 1-2 (N.J.Super. App.Div. Feb. 14, 1989).)

### B.   Procedural History

Following a jury trial in the Superior Court of New Jersey, Law Division, Atlantic County, Petitioner was convicted of two counts of first-degree armed robbery, two counts of fourth-degree assault, two counts of second-degree possession of a weapon (a handgun) for an unlawful purpose, one count of third-degree terroristic threats, one count of third-degree unlawful possession of a weapon (a handgun), one count of fourth-degree possession of a prohibited weapon (a defaced handgun), and one count of fourth-degree possession of a weapon (a handgun) by

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

certain persons.  The trial court granted the State's motion to
have Petitioner sentenced as a persistent offender, pursuant to
N.J.S.A. 2C:44-3a, and it sentenced Petitioner to an aggregate
term of life imprisonment, plus 25 years, with a thirty-five year
period of parole ineligibility.

On appeal, the Superior Court of New Jersey, Appellate
Division, affirmed the convictions but vacated the sentence and,
on three separate occasions, remanded to the trial court to
provide an analysis of the reasons, pursuant to State v.
Yarbough, 100 N.J. 627, 643-44 (1985), cert. denied, 475 U.S.
1014 (1986), for imposing consecutive sentences.  During the
remand process, the Appellate Division retained jurisdiction.
The Supreme Court of New Jersey denied certification on June 29,
1989.

A changed final judgment of conviction was entered in the
trial court on May 10, 1990, in which Petitioner's sentence was
amended to an aggregate term of life imprisonment, plus 20 years,
with a 35-year period of parole ineligibility.[2]  (Resp. Ex. Ra69-
Ra71.)  On December 20, 1990, the Law Division prepared an

---

[2] The sentences imposed on the various counts in the amended
judgment of May 10, 1990, were the same as the sentences imposed
in the original judgment, except that the 5-year sentence on
Count 8, possession of a weapon without a permit, was imposed to
run concurrently in the amended judgment, rather than
consecutively, as it had been in the original judgment, reducing
the length of the term imposed to run consecutively to the life
sentence.  (Resp. Ex. Ra69 to Ra71.)

explanation of its reasoning for the sentence, and on or about January 17, 1991, the sentence was affirmed.  (Respondents' Exhibit Ra76.)  On May 14, 1991, the Supreme Court of New Jersey denied certification.

While Petitioner's direct appeals in state court were proceeding, on August 17, 1989, he filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Sheehan v. Beyer, Civil No. 89-3520 (D.N.J.).  By Opinion and Order [8, 9] entered July 21, 1992, this Court denied the petition on the merits.[3]  On December 30, 1992, the United States

---

[3] In his first § 2254 petition, Petitioner raised the following claims:

Ground One:  Defendant's 5th Amendment rights were violated when an alleged verbal incriminating statement was introduced at defendant's trial.
Ground Two:  Defendant's Due Process rights were violated when the prosecutor violated Sequester Order.
Ground three:  Defendant's Due Process rights were violated by tainted in-court and out-of-court identifications.
Ground four:  Defendant's Due Process rights were violated when he was represented at trial by incompetent and ineffective counsel.
Ground five:  Defendant was denied Due Process on appeal.
Ground six:  Defendant was denied Due Process when the prosecutor at his trial, during closing arguments, made a highly prejudicial statement.
Ground seven:  Defendant's Due Process rights were violated when a handgun was illegally introduced at his trial.
Ground eight:  Trial court erred by sentencing defendant as a persistent offender.
Ground nine:  Trial court erred by not merging Count Four armed robbery conviction into County One armed robbery conviction.

4

Court of Appeals for the Third Circuit denied a certificate of probable cause.  See Sheehan v. Beyer, No. 92-5434 (3d Cir.).  On October 4, 1993, the Supreme Court of the United States denied certiorari.  See Sheehan v. Beyer, No. 92-8851 (U.S.).

Almost ten years later, on March 9, 2003, Petitioner filed in state court his first state petition for post-conviction relief, in which he argued that his extended prison term was illegal, because the trial court relied on a non-existent 1982 burglary conviction.  The PCR court found that the PCR petition was untimely and, in addition, meritless, because Petitioner was subject to an extended term even without consideration of the 1982 conviction.  On appeal, the Superior Court of New Jersey, Appellate Division, also found the petition untimely and meritless, substantially for the reasons expressed by the lower court.  See State v. Sheehan, 2008 WL 1958619 (N.J.Super. App.Div. May 7, 2008).  On October 22, 2008, the Supreme Court of New Jersey denied certification.  See State v. Sheehan, 196 N.J. 598 (Oct. 22, 2008).

This Petition, mailed on October 13, 2009, followed.  Here, Petitioner asserts the following ground for relief:

> Petitioner was denied Due Process when the state introduced false documents into the sentencing

---

Ground ten:  Trial court erred by requiring defendant to pay a V.C.C.B. penalty of Three Hundred Dollars ($300.00) rather than One Hundred Twenty Dollars ($120.00).

proceeding indicating petitioner was eligible for career offender designation based on prior crimes. Petitioner received ineffective assistance of counsel at sentencing and on appeal when counsels did not challenge a nonexistent Burglary & time-barred Unlawful Conversion.

Newly Discovered evidence proves petitioner is actually innocent as a career offender.  The N.J. Appellate Court recently ruled the prior crime of Burglary was "improperly considered" by the trial court.  A prior crime of Unlawful Conversion is time-barred for eligibility for career offender consideration as it did not occur within ten (20) years of the current offense.

(Petition, ¶ 12.)  Petitioner asserts that he has only recently learned that the government used "false documents" regarding his criminal history at his original sentencing, that he was thus unable to present this claim in his first habeas petition, and that this Petition is not time-barred.

Respondents have answered that the Petition is time-barred and meritless.

## II.   28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment

of a State court shall not be granted unless it appears that—

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

...

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

    ...

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce

<u>v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney</u>
<u>General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v.</u>
<u>Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399
U.S. 912 (1970).

III.   <u>ANALYSIS</u>

A.   <u>Second or Successive Petition</u>

Petitioner contends that this Petition is not an "abuse of
the writ" because he was not aware of this alleged ground for
relief when he filed his first federal habeas petition.
Respondents have not addressed this contention.

As noted above, the Antiterrorism and Effective Death
Penalty Act of 1996 ("AEDPA") was enacted in April 1996 and
substantially altered the provisions governing petitions for writ
of habeas corpus in federal court.  Because Petitioner filed his
first federal habeas corpus petition before AEDPA's enactment,
AEDPA's restrictions on filing second or successive petitions, 28
U.S.C. § 2244(b), do not apply if they would have an
impermissible retroactive effect on this Petition.  <u>See</u> <u>In re</u>
<u>Minarik</u>, 166 F.3d 591, 600 (3d Cir. 1999).

Prior to the effective date of AEDPA, in order to pursue a
habeas corpus claim not presented in a prior petition, a prisoner
would have had to demonstrate either (1) cause and prejudice for
the failure to raise the claim in the first habeas corpus
petition, or (2) that the alleged constitutional violations

probably resulted in the conviction of one who is actually innocent.  See In re Minarik, 166 F.3d at 607.  If a petitioner's new claims would have been barred as an "abuse of the writ," then AEDPA's gatekeeping standards apply.  Id. at 608.[4]

---

[4] United States Code Title 28, Section 2244(b) governs "second or successive applications" and their treatment in federal court.

   (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

   (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless -

      (A) the applicant shows that the claim relies on a new rule of constitutional law, made retrospective to cases on collateral review by the Supreme Court, that was previously unavailable; or

      (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

      (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

   (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. ...

28 U.S.C. § 2244(b).

   If a second or successive petition is filed in the district

Here, Petitioner was sentenced to an extended term under state law in the first judgment, and he could have raised this claim in the first federal habeas petition.  He has failed to demonstrate "cause and prejudice" for the failure to raise the claim in the first petition; his claim of "newly discovered evidence" is not credible.

Certainly, Petitioner was aware of his own criminal history, and he has alleged no facts suggesting that he was not so aware. The characterization of the claim as one based on newly discovered evidence, that the government used "false documents" in his sentencing, is disingenuous.  Petitioner has not pointed to any "false document."  To the contrary, the Appellate Division merely held that the trial court improperly considered one conviction that did not fit the parameters for sentencing to an extended term; the Appellate Division also held that the sentence was proper in light of other aspects of Petitioner's criminal history.  There is no evidence of "false documents," but only of an error that did not invalidate the sentence.  Moreover, in a

---

court without such an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631. See also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

letter from Petitioner to his appellate counsel, dated February 8, 1991, Petitioner described at length his criminal history and his contentions regarding the effect of various convictions on his eligibility for an extended term.

> From as far back as my original sentencing (June 22, 1987) and continuing till as recently as Dec., or rather November 1, 1990 to be exact - which was prior to the recent oral argument - I sent you documentation and have argued that this documentation proves that 1.) one conviction does not meet the criteria mandated by the legislature and the courts, which would have allowed the sentencing judge to extend my term under 2C:44-3, because that conviction did not and does not fall within the 10 year period allowed for enhancement purposes, yet that conviction (Unlawful Conversion: Disposition: 5-3-76) was used to enhance/extend my sentence and 2.)  another conviction, (Burglary; Disposition: 2-1-83) although falling within the 10 year period, was not a lawful, constitutional conviction in that I was convicted and adjudicated guilty of a high misdemeanor/felony in a <u>Municipal</u> Court proceeding ... .

(Letter, Resp. Ex. Ra75-Ra81, at Ra76 (Feb. 8, 1991).)

Thus, it is clear that Petitioner cannot establish cause for failure to raise this challenge to his sentence in his first habeas proceeding.  Moreover, as this claim goes only to the sentence, and not to the conviction, itself, Petitioner cannot demonstrate that the alleged violation probably resulted in the conviction of one who is actually innocent.  Accordingly, this Petition would have been deemed an abuse of the writ under pre-AEDPA law, and the § 2244(b) gatekeeping standards apply.

Now, this Court must determine whether this Petition is "second or successive" under § 2244(b), to determine whether the

11

Court can exercise jurisdiction over the Petition, which Petitioner did not obtain permission from the Court of Appeals to file.

The term "second or successive" is not defined in the statute, but it is well settled that the phrase does not simply "refe[r] to all § 2254 applications filed second or successively in time." Panetti v. Quarterman, 551 U.S. 930, 944 (2007). The term has been the subject of substantial recent discussion in Supreme Court decisions. See, e.g., Panetti v. Quarterman, 551 U.S. 930 (2007) (creating an exception for a second application raising a claim that would have been unripe had the petitioner presented it in his first application); Stewart v. Martinez-Villareal, 523 U.S. 637 (1998) (treating a second application as part of a first application where it was premised on a newly ripened claim that had been dismissed from the first application as premature); Slack v. McDaniel, 529 U.S. 473 (2000) (declining to apply the bar of § 2244(b) to a second application where the first application was dismissed for lack of exhaustion).

Specifically raising the effect of amended judgments on the "second or successive" analysis, in Burton v. Stewart, 549 U.S. 147 (2007), a state prisoner filed a federal habeas petition while direct review was still pending on an amended sentence. The original judgment was imposed in 1994, and amended judgments were entered in 1996 and 1998. After the second amended judgment

12

was entered in 1998, and while state review of his sentence was still pending, the petitioner in <u>Burton</u>, filed his first federal habeas petition.  In the petition, he stated that sentence had been imposed in 1994, and in response to the form question whether the applicant had "any petition or appeal now pending in any court, either state or federal, <u>as to the judgment under attack</u>," he answered "yes," explaining that "[the] sentence I received at <u>resentencing</u> is on direct appeal."  The federal court denied habeas relief and the Court of Appeals affirmed.

More than three years after the filing of the 1998 federal habeas petition, and after all state challenges to the amended 1998 judgment were exhausted, the petitioner filed a second federal habeas petition, explicitly challenging the second amended judgment entered in 1998.  The federal district court denied relief on the merits and the Court of Appeals affirmed.

Rather than addressing the merits, the Supreme Court considered the "second or successive" jurisdictional question. The Supreme Court held that, both in 1998 and 2002, the petitioner was held pursuant to the 1998 judgment, which had been entered some nine months before he filed the 1998 petition, even though that 1998 judgment was not yet "final" at the time the federal habeas petition was filed.

> In short, Burton twice brought claims contesting the
> same custody imposed by the same judgment of a state
> court.  As a result, under [§ 2244(b)], he was required
> to receive authorization from the Court of Appeals

13

> before filing his second challenge.  Because he did not
> do so, the District Court was without jurisdiction to
> entertain it.

Burton, 549 U.S. at 153.

More recently, in Magwood v. Paterson, 130 S.Ct. 2788 (2010), the Supreme Court addressed whether a petition is "second or successive" where there was a conditional grant of the federal writ, followed by entry of an amended state judgment, followed by a new federal petition attacking the amended state judgment, raising claims that also could have been asserted against the original judgment.  Rejecting the suggestion that a federal court should apply the "second or successive" standard on a claim-by-claim basis, the Supreme Court emphasized that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged."  Magwood, 130 S.Ct. at 2797.

In Magwood, the Supreme Court distinguished its earlier decision in Burton.

> [In Burton,] [w]e rejected the petitioner's argument
> "that his 1998 and 2002 petitions challenged different
> judgments."  Although petitioner had styled his first
> petition as a challenge to the 1994 conviction and his
> second petition as a challenge to the 1998 sentence, we
> concluded that both attacked the same "judgment"
> because the 1998 sentence was already in place when the
> petitioner filed his first application for federal
> habeas relief.  In other words, the judgment he
> challenged in his 1998 application was "the same one
> challenged in the subsequent 2002 petition"; it "was
> the judgment pursuant to which [the petitioner] was
> being detained."  We expressly recognized that the case
> might have been different had there been a "new
> judgment intervening between the two habeas petitions."

14

> There was no such judgment in Burton, but there is such
> an intervening judgment here.

Magwood, 130 S.Ct. at 2801 (citations omitted) (emphasis added).

Here, in his first federal habeas petition, Petitioner stated that the judgment under attack was entered June 24, 1987. He stated that the Appellate Division had affirmed the conviction and remanded for resentencing on February 14, 1989. He did not state the result of that remand, or that the Appellate Division had retained jurisdiction. As noted above, an amended judgment was entered in state court on May 10, 1990, and the Supreme Court of New Jersey denied certification on May 14, 1991, all while the first federal habeas petition was pending. It does not appear that this Court was notified, during the pendency of Petitioner's first habeas action, of the entry of the amended judgment or of the action of the state appellate courts with respect to that judgment, nor did Petitioner amend his petition to assert claims against the amended judgment. See generally, Sheehan v. Beyer, Civil No. 89-3520 (D.N.J.).

Here, although Petitioner remained confined from the time he filed his first federal habeas petition through the entry of the amended judgment, his confinement at the time this Court issued its decision was pursuant to a different judgment from that in place at the time the first federal petition was filed. Thus, this matter does not fall squarely within the procedural posture of either Burton or Magwood. However, in the first federal

habeas petition, Petitioner challenged both the conviction and the sentence.  Petitioner is now being confined pursuant to a different judgment, which was not in place when he filed his first petition.  It therefore appears that this Petition, challenging a new and separate judgment, is not "second or successive" within the meaning of § 2244(b).

In any event, however, the Petition is time-barred.

B.   <u>Timeliness</u>

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[5] which provides in pertinent part:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[5] The limitations period is applied on a claim-by-claim basis.  <u>See</u> <u>Fielder v. Verner</u>, 379 F.3d 113 (3d Cir. 2004), <u>cert. denied</u>, 543 U.S. 1067 (2005); <u>Sweger v. Chesney</u>, 294 F.3d 506 (3d Cir. 2002).

> (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. A state court's grant of leave to file an out-of-time direct appeal resets the date when the conviction becomes final under § 2244(d)(1). Jimenez v. Quartermain, 129 S.Ct. 681 (2009).

Where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

17

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

Where a state court has rejected a petition for post-conviction relief as untimely, however, it was not "properly filed" and the petitioner is not entitled to statutory tolling under § 2244(d)(2). Pace v. Diguglielmo, 544 U.S. 408 (2005). This is so even where, in the alternative, the state court

addresses the merits of the petition in addition to finding it untimely.  Carey v. Saffold, 536 U.S. 214, 225-26 (2002).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling applies

> only when the principles of equity would make the rigid
> application of a limitation period unfair.  Generally,
> this will occur when the petitioner has in some
> extraordinary way been prevented from asserting his or

19

> her rights.  The petitioner must show that he or she
> exercised reasonable diligence in investigating and
> bringing the claims.  Mere excusable neglect is not
> sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks

omitted).  Among other circumstances, the Court of Appeals for

the Third Circuit has held that equitable tolling may be

appropriate "if the plaintiff has timely asserted his rights

mistakenly in the wrong forum," i.e., if a petitioner has filed a

timely but unexhausted federal habeas petition.  Jones, 195 F.3d

at 159.  See also Duncan v. Walker, 533 U.S. 167, 183 (2001)

(Stevens, J., joined by Souter, J., concurring in part) ("neither

the Court's narrow holding [that the limitations period is not

statutorily tolled during the pendency of a premature federal

habeas petition], nor anything in the text or legislative history

of AEDPA, precludes a federal court from deeming the limitations

period tolled for such a petition as a matter of equity"); 533

U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.)

(characterizing Justice Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed

filed at the moment he delivers it to prison officials for

mailing to the district court."  Burns v. Morton, 134 F.3d 109,

113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

The May 10, 1990, judgment which is the subject of this

Petition became final on August 12, 1991, ninety days after the

Supreme Court of New Jersey denied certification on May 14, 1991.

As this was before the effective date of AEDPA, Petitioner had until April 24, 1997, to file a federal habeas petition challenging that judgment, barring some later accrual date of his claim under § 22244(b) or some basis for statutory or equitable tolling.

Petitioner argues that this Petition is based on newly-discovered evidence that the government submitted "false" documents at his sentencing.  As noted above, however, Petitioner was knowledgeable about his own criminal history, and its applicability to his extended term, from the date of his original sentencing.  Petitioner does not describe the allegedly "false" documents submitted at his original sentencing, pointing only to language in the most recent opinion of the Appellate Division that one conviction was "improperly considered," and it appears, in fact, that no "false" documents were introduced by the government.  Petitioner's argument is not credible.  Moreover, Petitioner knew, or with reasonable diligence could have discovered, the basis for his claim as of the date the limitations period otherwise began running on April 24, 1996. Nor is Petitioner entitled to any statutory tolling of the limitations period based upon the filing of his state petition for post-conviction relief, as the state courts found that petition untimely under state law.  Finally, Petitioner has not alleged any facts suggesting a basis for equitable tolling.

Petitioner submitted this Petition on October 13, 2009, more than twelve years after expiration of the limitations period.  It will be dismissed with prejudice as untimely.

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

22

Jurists of reason would not find this Court's procedural ruling "debatable."  No certificate of appealability will issue.

## V.   CONCLUSION

For the reasons set forth above, the Petition must be dismissed with prejudice.  An appropriate order follows.


                                        s/Robert B. Kugler
                                        Robert B. Kugler
                                        United States District Judge

Dated: September 22, 2010

23